# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DAVACO, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:07-cv-803** |
| **v.** | § | |
| | § | |
| **AZ3, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM ORDER

Having considered the parties' supplemental briefing on the issue of personal jurisdiction, the Court **DISMISSES** Defendant Couvrette Construction (2005) Inc. ("Couvrette (2005)") **WITHOUT PREJUDICE** for lack of personal jurisdiction. The Court sets a hearing to consider (1) Couvrette Construction Inc. ("Couvrette"), Marc Kakon ("Kakon"), and 143956 Canada, Inc. d/b/a Groupe MK's ("Groupe MK") Motions to Dismiss for Lack of Personal Jurisdiction and (2) Defendants Marc Kakon and Groupe MK's Objections to Evidence Filed With Plaintiff's Supplemental Brief Regarding Personal Jurisdiction as to Kakon and Groupe MK (doc. 63).

## I. Background

On November 9, 2007, the Court filed an Order denying without prejudice Defendants Couvrette and Couvrette (2005)'s (collectively the "Couvrette Defendants") Motions Re-Urging their Special Appearances Objecting to Jurisdiction (doc. 42). The Order also permitted Plaintiff Davaco, Inc. ("Davaco") and the Couvrette Defendants to engage in jurisdictional discovery for 45 days and directed them to file supplemental briefing on the issue by January 4, 2008. On November

9, 2007, the Court also filed a similar Order with regard to Defendants Kakon and Groupe MK's (collectively the "Kakon Defendants") Motion to Dismiss (doc. 43). This Order denied without prejudice the Kakon Defendants' motion to dismiss; permitted Davaco and the Kakon Defendants to engage in jurisdictional discovery for 45 days; and directed the parties to file supplemental briefing on personal jurisdiction by January 4, 2008. After many delays and extensions (detailed in doc. 57), all parties have now filed supplemental briefing on the issue of personal jurisdiction. Based on this briefing, the Court finds that Couvrette (2005) should be dismissed for lack of personal jurisdiction. The Court will consider Couvrette, Kakon, and Groupe MK's Motions to Dismiss at an evidentiary hearing.

## II.  Personal Jurisdiction Over Couvrette (2005)

Davaco's only argument that this Court should exercise personal jurisdiction over Couvrette (2005) is based on its contention that Couvrette (2005) is the alter ego of Couvrette or that the corporations operated as a single business enterprise. (Davaco's Response 8-10; Davaco's Supp. Br. 17-23). In its September 7, 2007 Reply, Couvrette contended that these veil-piercing arguments fail because the law of the defendant's formation or incorporation state applies to the question of piercing the corporate veil. (Couvrette Defs.' Reply 7). Couvrette and Couvrette (2005) were incorporated in the Province of Quebec, Canada. (*Id.*). Davaco did not provide any argument with respect to the law of Quebec. (*Id.*). The Couvrette Defendants reiterated this argument in their April 11, 2008 supplemental brief. (Couvrette's Supp. Br. 4). Davaco filed its supplemental brief on May 7, 2008; however, it failed to address this argument.

The Court agrees with Couvrette that the law of Quebec, Couvrette's state of incorporation, provides the relevant law for the veil-piercing analysis. *Ingenius Invs., Inc. v. Bombart*, 2006 WL

1582080, at *3 (N.D. Tex. 2006) ("Whether the corporate entity can be disregarded is determined by the law of the state of incorporation for each defendant . . ."); *Amoco Chem. Co. v. Tex Tin Corp.*, 925 F. Supp. 1192, 1201(S.D. Tex. 1996) (citation omitted) ("This Court looks to the law of the State of incorporation for each corporate Defendant to determine whether its corporate entity should be disregarded."). While Davaco has never addressed the argument, the Court anticipates that Davaco might have contended that Texas law should apply to the veil-piercing analysis based on the contractual choice of law provision stating that the agreement should be construed under the substantive laws of the state of Texas. This argument fails because a choice of law provision in a contract does not alter the rule that the law of the state of incorporation governs the alter ego analysis. *Schlumberger Logelco Inc. v. Morgan Equip. Co.*, 1996 WL 251951, at *3 (N.D. Cal. 1996) ("[T]he court finds that the contractual choice of law provision providing for the application of English law does not govern plaintiffs' alter ego claim"); *Dassault Falcon Jet Corp. v. Oberflex, Inc.*, 909 F. Supp. 345, 348 (M.D.N.C. 1995) ( "[A] choice of law provision in a contract is not binding on what law to apply for piercing the corporate veil. The reason for this is that the issue of piercing the corporate veil is collateral to and not part of the parties' negotiations or expectations with respect to the contract. It involves imposing liability on third-party shareholders as opposed to governing the parties obligations under the contract.") *United Trade Assocs. Ltd. v. Dickens & Matson (USA) Ltd., Inc.*, 848 F. Supp. 751, 760 (E.D. Mich. 1994) ("Although the choice of law clause directs this Court to interpret the contractual dispute under English law, the issue of piercing the corporate veil is collateral to the contract, and thus this Court is not bound by the choice of law provision.")

Davaco was aware of Couvrette's argument that the law of Quebec should govern the alter ego analysis eight months before it filed its supplemental briefing, yet it chose to ignore this

argument.  Davaco, who has the burden of establishing personal jurisdiction, has never argued veil

piercing under the law of Quebec.  Accordingly, Davaco has not established personal jurisdiction

over Couvrette (2005), and Couvrette (2005) is **DISMISSED WITHOUT PREJUDICE** from this

case.

Davaco has also argued that if the Court does not have jurisdiction over Couvrette, it should

still exercise jurisdiction over Couvrette and Couvrette (2005) because they are the alter egos of

C&A and all three corporations form a single business entity.  (Davaco's Supp. Br. 17-23).  Based

on the same reasoning discussed above, the Court rejects this argument because Davaco has not

provided any arguments with respect to the law of Quebec.  Therefore, the Court will not consider

the alter ego/single business entity argument based on C&A's contacts at the hearing.

### III.  Hearing Set for July 1, 2008

An evidentiary hearing on Couvrette, Marc Kakon, and Groupe MK's ("Groupe MK")

Motions to Dismiss[1] for Lack of Personal Jurisdiction and Defendants Marc Kakon and Groupe MK's

Objections to Evidence Filed With Plaintiff's Supplemental Brief Regarding Personal Jurisdiction as

to Kakon and Groupe MK (doc. 63)[2].

is set for:

> **Tuesday, July 1, 2008  at 2:00 p.m.**
> Before Judge Jane J. Boyle

---

[1]The court will not consider Kakon and Groupe MK's Motion to Dismiss for failure to state a claim at this hearing.

[2]Kakon and Groupe MK should be prepared to address Davaco's evidence in the event that the Court overrules their Objections to the Evidence at the hearing.  Kakon and Groupe MK may also raise applicable arguments from their Objections to Declaration of Lamar Roberts by Defendants Marc Kakon and 143956 Canada, Inc. d/b/a Groupe MK (doc. 36).

Courtroom 1306, Thirteenth Floor
United States Courthouse
1100 Commerce Street
Dallas, Texas 75242

Lead counsel for the parties are required to attend the hearing. At least two days prior to the hearing, Lead counsel are directed to confirm with the Court that they will attend the hearing. No later than **three days before the hearing**, counsel for each party intending to offer exhibits shall **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except for large or voluminous items that cannot be easily reproduced). A **list of witnesses**, if any, shall also be filed by each party at least **three days before the hearing**, which should provide: (i) the name and address of each witness; (ii) a brief narrative summary of the testimony to be covered by each witness; (iii) whether the witness has been deposed; and (iv) the expected duration of direct or cross-examination of the witness.

SO ORDERED.

SIGNED May 30th , 2008

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE